UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL A. JOHNSON,<br><br>                    Plaintiff,<br><br>        -against-<br><br>STATE OF NEW YORK CORPORATE, a<br>counties entity, et al.,<br><br>                    Defendants. | 24-CV-3922 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. §§ 1983, 1985, and

1988, alleging that Defendants have conspired to violate his rights. By order dated May 22,

2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees. For the reasons set forth in this order, the Court dismisses this action, but

grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

## BACKGROUND

Plaintiff uses the court's general complaint form, but for the facts of his case, he refers

the Court to an attached complaint, which he titles "Application," and supporting exhibits.[1] (ECF

1, at 8.) He alleges that Defendants "collu[ded] and conspired to deny [his] constitutional/civil

rights" with "many false arrests and continued freedoms, malicious prosecutions, and defaming

and deprivation of property, specifically his service dog."[2] (*Id*.) This alleged conspiracy

encompasses his interactions with the New York City Police Department ("NYPD"), the

Manhattan and Bronx County District Attorneys' Offices, and the New York State Unified Court

System. Named as defendants are: (1) "State of New York Corporate, a county entity"; (2) the

City of New York; (3) "State Judicial Systems of New York and City Legal system"; (4) "New

York Police"; and (5) "District Attorney's Bronx/Manhattan." (*Id*. at 1, 8.)

The following information is taken from the complaint and attachments, in which

Plaintiff appears to assert claims arising from unrelated events dating back to 2017. He first

makes assertions arising from his 2023 state court criminal proceedings before Judge Michael

Rain, whom he identifies as a former Assistant District Attorney in Brooklyn. Plaintiff claims

---

[1] The majority of Plaintiff's exhibits consist of documents from his prior and pending federal and state court lawsuits, and letters relating to various grievance that he appeared to have filed with state agencies. (ECF 1, at 27-132.)

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

that Judge Rain made "unethical bias ruling showing prejudicial conduct unbefitting a magistrate or judge of New York courts." (*Id*. at 9.) According to Plaintiff, Judge Rain's unethical conduct included showing bias for the Manhattan District Attorney's Office and interfering with Plaintiff's right to represent himself. Plaintiff asserts that he filed a complaint against Judge Rain with the New York State Commission on Judicial Conduct.

Plaintiff also makes assertions against Amber Joyner, an attorney who apparently represented him in the 2023 state court proceedings, and her employer, the Legal Aid Society. He claims that Joyner failed to object to Judge Rain's biased rulings and committed "attorney misconduct" by not responding to his emails and calls. (*Id*.) He alleges that he contacted Irwin Shaw, identified as the Director of the Legal Aid Society, to complain about Joyner. Plaintiff further asserts that the Legal Aid Society has provided "misleading" legal advice to its clients and has "illegally influenc[ed] appointed judges." (*Id*. at 10.)

Plaintiff next alleges that the NYPD and the Manhattan District Attorney's Office have "weaponize[ed] the justice system" against him by conspiring to falsely arrest and maliciously prosecute him. (*Id*. at 9. ) He claims that he has made allegations in court of "many hate crimes and corruption" and the denial of equal protection to him by these entities. (*Id*.) Plaintiff further asserts that both the Manhattan and Bronx County District Attorneys' Offices have unlawfully opened his sealed cases from New Jersey without court orders and have apparently used the information from the sealed cases to bring "fraudulent" criminal charges against him. (*Id*. at 11.) Plaintiff indicates that he was charged with multiple crimes on various dates from August 12, 2017, to April 19, 2023. (*Id*. at 23.)

Plaintiff refers to several incidents involving the NYPD, the New York Department of Social Services ("DSS"), and the New York City Housing Authority ("NYCHA") and asserts that they amount to

> [h]ate crimes, racist bias, aggravated harassment and denial to equal protection under law, safety death threats and American Disability Act/racist bias/hate crimes deprivation of rights under color of law, each of false arrests based on bias, negligence, of constitutional & civil rights, NYPD engaged (insurrection), to violate Plaintiffs rights.

(*Id*. at 12.) Plaintiff describes the incidents as follows: (1) in March 2020, police officers from "PSA 6 Police of NYCHA" illegally detained him, forced him into an "EMS ambulance," and transported him to the hospital; (2) in August 2020, he reported to the New York City Human Resources Administration ("HRA"), NYCHA, and the NYPD incidents of "federal crimes" committed by two young men, but he was denied equal protection; and (3) in March 2021, the same young men set fire to the garage of Plaintiff's building, sold drugs, and assaulted Plaintiff and his service dog, but the police refused to arrest them and instead arrested Plaintiff "without just cause." (*Id*. at 13.) Plaintiff asserts that the NYPD and NYCHA have "refused [him] equal protection even helping criminal individual," and instead have "target[ed]" him. (*Id*.)

Plaintiff also charges the State of New York and the City of New York with unethical conduct and a "conspiracy to defraud the U.S. veteran rights/tampering with a witness/deprivation of rights under color of law." (*Id*. at 10.) In support of these claims, Plaintiff writes,

> Whereas agencies of the city and state with malicious intention to violate the laws for their own hate crimes and racist bias and blue wall of silence as well judicial misconduct and District's Attorney's in conspiring violations of above crimes and unethical conduct.

> Negligence conflict of interest refused disciplinary action by the Commission's authority and jurisdiction, contacted many times over years with no response in allegations made over time, list of names and dates submitted herein attach filing illegally ruling and hate crimes statements by judges in hearing against Plaintiff.

> Furthermore, their violated Plaintiffs and service dog civil rights tried remove
> dog.

(*Id.* at 10.)

Plaintiff's pleading includes a discussion section in which he cites to the elements of false arrest and malicious prosecution claims with what appears to be language largely excerpted from an April 2, 2020 order issued by Judge Louis L. Stanton of this court in a case Plaintiff filed in 2019, *Johnson v. City of New York*, No. 19-CV-8745 (LLS), 2020 WL 1644019 (S.D.N.Y. Apr. 2, 2020) ("*Johnson I*").[3] In this section, Plaintiff refers to a January 27, 2019 incident and asserts that he was taken by EMS to a hospital, where the police asked doctors about his medical information, and that a Captain Hennessey made comments about taking his "service dog" to the ASPCA. (ECF 1, at 15.) He also contends that the NYPD and the Manhattan and Bronx County District Attorneys' Offices "abused their authority for years against [him] and [his] service dog," and that multiple government agencies, including the Governor's office, have failed to resolve his complaints of "NYPD and hospital corrupt manners when showing racist bias, and violate

---

[3] In the 2019 action, Plaintiff filed an initial complaint in which he asserted that he was falsely arrested, assaulted, and maliciously prosecuted in connection with incidents that occurred on January 7 and March 27, 2019. On November 5, 2019, then Chief Judge Colleen McMahon directed Plaintiff to file an amended complaint to allege factual details of the alleged violations. *See Johnson I*, No. 19-CV-8745 (CM), 2019 WL 5806952 (S.D.N.Y. Nov. 5, 2019). Plaintiff filed an amended complaint in which he named approximately 75 defendants associated with events that occurred on January 27, 2019, January 30, 2019, and May 3, 2019. He also referred to an incident that occurred on November 8, 2017, as well as several other, unrelated incidents. On April 2, 2020, Judge Stanton – to whom the case had been reassigned – dismissed the majority of the defendants and granted Plaintiff leave to file a second amended complaint with respect to the three 2019 incidents. *Johnson I*, 2020 WL 1644019, at *3. Plaintiff subsequently filed a second amended complaint, which focused solely on the November 8, 2017 incident, although he named several defendants associated with that incident. On January 28, 2021, Judge George B. Daniels – to whom the case had been reassigned – dismissed all of the defendants who were not involved in the alleged November 8, 2017 incident, and directed service on the remaining defendants. *See Johnson I*, No. 19-CV-8745 (GBD), 2021 WL 293328 (S.D.N.Y. Jan. 28, 2021). The case remains pending in this court.

Hippocratic Oath." (*Id.*) Plaintiff also attaches a "motion to support conspiracy," in which he repeatedly asserts that he has been subjected to bias conduct in the state courts, including criminal and housing courts. (*Id.* at 16.)

Plaintiff seeks money damages for the alleged violations.

## DISCUSSION

### A.    Short and Plain Statement of Claim

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads sufficient factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

While a complaint's statement of claim must contain sufficient factual detail, it should not be "prolix" (*i.e.*, lengthy) or contain unnecessary details. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (noting that, under Rule 8(a)(2), the statement of claim "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage'" (citation omitted)); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (holding that complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"). "Complaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far

removed from the heart of the claim do not comport with these goals and this system." *Barsella v. United States*, 135 F.R.D. 64, 66 (S.D.N.Y. Mar. 18, 1991) (internal quotation marks and citation omitted). A complaint that fails to comply with Rule 8 may be dismissed *sua sponte*. *See Da Costa v. Marcucilli*, 675 F. App'x 15, 17 (2d Cir. 2017) (summary order) (dismissing a complaint because it was convoluted, repetitive and difficult to understand); *Barsella*, 135 F.R.D. at 66, (stating that the policy requiring courts to liberally construe *pro se* complaints "does not mandate that a court sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable").

Here, even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, the complaint does not comply with Rule 8 because Plaintiff does not provide a short and plain statement giving Defendants fair notice of the claims he is asserting and the grounds on which they rest. Plaintiff's assertions amount to accusations that he was subjected to false arrest, assaults, and malicious prosecutions, and other violations, which he claims amounted to hate crimes, racist bias, harassment, and denial of equal protection. He, however, presents disjointed, extraneous, and confusing information in the complaint and attachments, including pleadings from other lawsuits that he has filed, making it difficult for the Court to discern the specific incidents that are the bases for the alleged violation of his rights in this action.

For all of these reasons, the Court finds that Plaintiff's complaint does not comply with Rule 8, and that he fails to state claims on which relief can be granted. Plaintiff's complaint is therefore dismissed for failure state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Untimely Claims**

Even if Plaintiff had stated clearly identifiable claims, it appears that some of the claims he is attempting to assert are untimely. The statute of limitations for claims under Sections 1983

and 1985 is governed by state law, and in New York, that period is three years. *See Harrison v. Harlem Hosp.*, 364 F. App'x 686, 688 (2d Cir. 2010); *Paige v. Police Dep't of City of Schenectady*, 264 F.3d 197, 199 n.2 (2d Cir. 2001); *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 331 (2d Cir. 1997). The claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013); *Cornwell v. Robinson,* 23 F.3d 694, 703 (2d Cir. 1994).

Plaintiff seemingly is attempting to bring claims arising out of events dating back to 2017. To be timely as claims in this action, all of the alleged violations would have had to occur on or after May 20, 2021, three years before he filed this complaint. Therefore, any claim Plaintiff is bringing that arose before May 20, 2021 is time-barred.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc*., 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. In addition, New York law provides that where a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y. C.P.L.R. § 208; *see, e.g.*, *Gardner v. Wansart*, No. 05-CV-3351 (SHS) (GWG), 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if, at the time the cause of action accrues, a plaintiff is "unable to protect [his] legal rights because of an overall inability to function in society").

New York also provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.*, N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id*. § 207(3) (defendant is outside New York at the time the claim accrues), *id.* § 208 (plaintiff is disabled by infancy or insanity), *id*. § 210 (death of plaintiff or defendant).

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." (internal quotation marks and citation omitted)); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds).

Here, Plaintiff does not provide any facts suggesting that the statute of limitations should be equitably tolled in this case with respect to any claims arising before May 2021. Some of his claims in this action, such as Plaintiff's assertions of false arrest and other violations stemming from the November 2017 incident, appear to be duplicative of claims he asserted in *Johnson I*, No. 19-CV-8745 (GBD).[4] Other claims, such as his references to events that occurred in 2019,

---

[4] Because no useful purpose would be served by litigating Plaintiff's duplicative claims contained in *Johnson I* in this action, the Court dismisses all such claims without prejudice to the claims in *Johnson I*.

including the alleged illegal removal of his service dog, were asserted in Plaintiff's initial pleadings in *Johnson I*, but were seemingly abandoned by the time he filed the second amended complaint in that action. Here, Plaintiff appears to assert new claims stemming from incidents with the police in March 2020, August 2020, and March 2021, and alleged violations in state court proceedings in 2023. Because Plaintiff knew or had reason to know of any alleged violations on the date they occurred, with the exception of the alleged violations that occurred in 2023 in the state court action, all of Plaintiff's claims that occurred before May 2021 are untimely. Based on Plaintiff's allegations in the complaint, he alleges no facts suggesting that any defendant fraudulently concealed the fact that he had a cause of action, or induced him to forego a lawsuit until the statute of limitations expired.

The Second Circuit has cautioned that district courts should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds. *See Abbas*, 480 F.3d at 640. In light of Plaintiff's *pro se* status, the Court grants him leave to address the timeliness issue concerning any possible viable claim he may have that arose from events occurring before May 2021, and to allege, if appropriate, why the applicable three-year limitations period should be equitably tolled as to such untimely claims.

## C.    Section 1983 Claims against State and City Entities

A claim for relief under Section 1983 has two essential elements: (1) the defendant acted under color of state law; and (2) because of the defendant's actions, the plaintiff suffered a denial of a federally protected right. *See* 442 U.S.C. § 1983; *Annis v. Cnty. of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998). As discussed below, Plaintiff brings claims against state entities that are entitled to absolute immunity from Section 1983 claims, and city defendants, which cannot be sued or against which he has failed to allege facts stating a claim for relief.

**1.  State of New York, New York State Unified Court System, and Manhattan and Bronx County District Attorneys' Offices**

Plaintiff names as defendants the "State of New York Corporate, a county entity," which the Court understands to be the State of New York; the "State Judicial Systems of New York and City Legal system," apparently a reference to the New York State Unified Court System; the Manhattan District Attorney's Office; and the Bronx County District Attorney's Office. Plaintiff cannot bring Section 1983 claims against these defendants.

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. "[T]he New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." *Id*. at 368 (citation omitted). Furthermore, "[w]hen prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county." *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir.1988). A District Attorney's Office in the State of New York is therefore afforded Eleventh Amendment immunity with regard to decisions to prosecute. *See, e.g.*, *Woodward v. Office of Dist. Atty.*, 689 F. Supp. 2d 655, 659 (S.D.N.Y. 2010) ("To the extent that [the plaintiff] seeks to assert claims against the District Attorney's Office in federal court, his claims are also barred by the Eleventh Amendment." (citing *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d. Cir. 1993)).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Therefore, Plaintiff's Section

1983 claims against the State of New York, the New York State Unified Court System,[5] the

Manhattan District Attorney's Office, and the Bronx County District Attorney's Office are barred

under the Eleventh Amendment. The Court therefore dismisses Plaintiff's Section 1983 claims

against these defendants because they are entitled to immunity under Eleventh Amendment. *See*

28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff should not reassert claims against these defendants in an

amended complaint.

### 2.    City of New York and the NYPD

Plaintiff's claims against the NYPD, identified as "New York Police," must also be

dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City

Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the

violation of any law shall be brought in the name of the city of New York and not in that of any

agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93

n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City[.]"); *see also Emerson v.

City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally

prohibited from suing a municipal agency.").

Plaintiff's claims against the City of New York must also be dismissed. When a plaintiff

sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the

---

[5] Plaintiff appears to have named the Unified Court System as a defendant in connection with his allegations that his rights were violated in state court criminal actions, including in 2023. The Court declines to specifically address Plaintiff's claims arising from the 2023 state court proceedings because the Unified Court System is immune and he does not name any other defendant with respect to those claims. The Court notes, however, that to the extent Plaintiff is asking this Court to intervene in pending criminal proceedings, his claims are likely precluded by the *Younger* abstention doctrine, which cautions federal courts against enjoining or otherwise interfering in ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, nothing in the complaint suggests that the City of New York has a policy, practice, or custom that has caused a violation of Plaintiff's constitutional rights. Instead, he makes broad and conclusory assertions of false arrests, assaults, and other deprivations of his rights that do not show the existence of a City policy or custom causing him harm. Because Plaintiff does not allege facts suggesting that any of the incidents he describes or the claims he is attempting to bring give rise to a plausible inference that the City had a policy or custom that caused a violation of his constitutional rights, he fails to state a Section 1983 claim against the City of New York. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.    Sections 1985 and 1988 Claims**

The Court also considers whether Plaintiff's assertions are sufficient to state a conspiracy claim under 42 U.S.C. § 1985. To state a Section 1985 claim, a plaintiff must allege (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of

the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States. *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007). Furthermore, the conspiracy must be motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Palmieri v. Lynch*, 392 F.3d 73, 86 (2d Cir. 2004) (quotation omitted).

"[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). Claims under Section 1985 must be alleged "with at least some degree of particularity" and must include facts showing that the "overt acts which defendants engaged in . . . were reasonably related to the promotion of the claimed conspiracy." *Hernandez v. Goord*, 312 F. Supp. 2d 537, 546 (S.D.N.Y. 2004).

Here, Plaintiff fails to allege an agreement or factual details concerning the inception or operation of any conspiracy. He merely offers conclusory allegations that Defendants conspired to violate his rights.

Plaintiff also invokes 42 U.S.C. § 1988, which allows a prevailing party in an action enforcing certain civil rights laws to recover reasonable attorney's fees. *See* 42 U.S.C. § 1988(b). *Pro se* litigants are not entitled to attorney's fees under Section 1988. *See Kay v. Ehrler*, 499 U.S. 432, 437-38 (1991).

The Court therefore dismisses Plaintiff's claims under Sections 1985 and 1988 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

The Court has dismissed Plaintiff's claims against all of the named defendants in this action. In an abundance of caution, the Court grants Plaintiff 30 days' leave to replead any possibly viable claims in an amended complaint. If Plaintiff files an amended complaint, he must clearly state the facts giving rise to timely claims of false arrest, assault, and malicious prosecution, and allege how each named defendant was responsible for the alleged violations.[6] If Plaintiff names the City of New York as a defendant in his amended complaint, he must allege facts suggesting that the City has a policy, practice, or custom that caused a violation of his

---

[6] Under New York law, to state a claim for false arrest, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). To state a claim for malicious prosecution, a plaintiff must allege facts showing that the: (1) defendant initiated or continued a prosecution against the plaintiff; (2) defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) defendant acted with malice; and (4) prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 39 (2022). To proceed with such claims, Plaintiff must name as defendants the individuals involved in the alleged false arrest and malicious prosecution, and allege facts to support his claims.

constitutional rights. Plaintiff should note that any claims arising before May 2021 are untimely, and if he asserts such claims in the amended complaint, he must also allege facts suggesting that the statute of limitations should be equitably tolled for such claims.

**CONCLUSION**

The Court dismisses Plaintiff's complaint for the reasons stated in this order, failure to state a claim for relief and asserting claims against immune defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). The Clerk of Court is directed to terminate as defendants in this action "State of New York Corporate, a county entity," "State Judicial Systems of New York and City Legal system," "New York Police," and "District Attorney's Bronx/Manhattan." All other pending matters in this case are terminated.

The Court, however, grants Plaintiff 30 days' leave to file an amended complaint, as specified in this order. If Plaintiff does not file an amended complaint within the time allowed, or fails to show cause as to such failure, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons stated in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:    August 26, 2024
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                      Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 2:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 3:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 4:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                              Plaintiff's Signature

_____
First Name                                 Middle Initial               Last Name

_____
Prison Address

_____
County, City                                              State                          Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:  _____